UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-14062-CR-MARTINEZ/LYNCH

UNITED STATES OF AMERICA,

    Plaintiff,

v.

TROY ANDRE HIGGINS,

    Defendant.

_____/

FILED by ___ D.C.

APR - 1 2013

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

## REPORT AND RECOMMENDATION ON APPROPRIATENESS OF COUNSEL'S CJA VOUCHER FOR ATTORNEY'S FEES [VOUCHER #FLS 12-1892]

**THIS CAUSE** having come on to be heard upon the aforementioned CJA Voucher as referred by the District Court and this Court having reviewed the voucher, the submissions in support thereof filed by Jonathan S. Friedman, Esquire, as attorney for the Defendant Troy Andre Higgins, as well as a copy of Mr. Friedman's letter explaining the underlying nature of the case, and this Court otherwise being advised in the premises recommends to the District Court as follows:

1. This Court has reviewed the submissions, time records, and tasks performed by Mr. Friedman in this case. This CJA Voucher, as reviewed by the Financial Division of this Court, seeks a total attorney's fees and costs in the amount of $7,321.12.

2. This Court also notes that Mr. Friedman is the second attorney appointed for the Defendant in this case. Due to a breakdown in communication with his first attorney, this Court granted the Defendant's pro se motion to dismiss his attorney. This Court entered an Order on June 21, 2012 granting that motion and relieving Mr. Kasen from any further responsibility in representing the Defendant in this case. As this Court's Order reveals, the granting of that motion did not in any way reflect poorly upon Mr. Kasen's attempts to

represent the Defendant. The problems nevertheless "fractured" the attorney-client relationship as referenced by this Court in that Order.

3. Mr. Kasen was compensated by the Court for his representation of the Defendant in the amount of $6,287.50. Since that compensation relates to this one case, Mr. Friedman's request for $7,321.12 exceeds the $9,700.00 statutory cap. However, this Court does not believe that Mr. Friedman should be penalized because this Court had to grant the Defendant's motion and appoint a second attorney to represent the Defendant in this matter.

4. This Court has reviewed carefully the tasks performed and the amount of time devoted to those tasks by Mr. Friedman in representing the Defendant in this case. All of those tasks are reasonable in this Court's view based upon the nature of this case. As Mr. Friedman's correspondence indicates, this was a rather involved white collar crime case involving mortgage and real estate fraud. While the Defendant did end up entering a change of plea, Mr. Friedman did have to essentially start from square one when he was appointed to represent the Defendant subsequent to this Court allowing Mr. Kasen out of the case.

5. It is not necessary for this Court to conduct an evidentiary hearing based upon this Court's familiarity with this case as well as with Mr. Kasen's involvement prior to Mr. Friedman. Further, this Court finds that this case is extended as defined by the case law in that it required more time than normal to properly represent the Defendant. This additional time was occasioned by the Defendant's own request for another attorney. After this Court conducted a hearing, it found that there was a breakdown in the attorney-client relationship between Mr. Kasen and the Defendant which required the appointment of a new attorney. Subsequently, this Court appointed Mr. Friedman as CJA counsel for the Defendant. This Court does not believe that Mr. Friedman should be penalized for being the second attorney

in this case and thereby held to the statutory cap. Further, this Court notes that the attorney's fees and costs Mr. Friedman is seeking are well under the $9,700.00 statutory cap if he had been the only attorney who had represented the Defendant in this case.

6. While this Court does find that the case is extended as defined in 18 U.S.C. § 3006A(e)(3), it is not finding that the case is otherwise complex. It was an involved white collar fraud case, but was not highly unusual to the extent that it would be defined as a complex case under the statute. Nevertheless, this Court finds that the matter is extended as defined in the statute and that Mr. Friedman should receive full compensation for the amounts he seeks in this CJA Voucher.

**ACCORDINGLY**, this Court recommends to the District Court that the CJA Voucher #FLS 12-1892 be **GRANTED** and that Mr. Friedman be awarded the sum of $6,912.50 as reasonable attorney's fees together with costs in the amount of $408.62, for a total sum of $7,321.12.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Jose E. Martinez, the United States District Judge assigned to this case.

**DONE AND SUBMITTED** this _1<u>__</u>_ day of April, 2013, at Fort Pierce, Northern Division of the Southern District of Florida.

FRANK J. LYNCH, JR.
UNITED STATES MAGISTRATE JUDGE

Copies furnished:
Hon. Jose E. Martinez
Jonathan S. Friedman, Esq.
Lucy Lara, CJA Administrator