UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-14062-CR-MARTINEZ/LYNCH

UNITED STATES OF AMERICA,

    Plaintiff,

v.

TROY ANDRE HIGGINS,

    Defendant.
_____/



REPORT AND RECOMMENDATION ON DEFENDANT'S
ADMISSION TO VIOLATION AS SET FORTH IN THE
PETITION ALLEGING VIOLATION OF SUPERVISED RELEASE

**THIS CAUSE** having come on to be heard for a preliminary hearing and final hearing on February 8, 2017, in respect to the pending Petition Alleging Violation of Supervised Release [D.E. 141] and this Court having convened a hearing, this Court recommends to the District Court as follows:

1. The Defendant appeared before this Court on February 9, 2017 for a preliminary hearing and final hearing in respect to the Petition Alleging Violation of Supervised Release [D.E. 141] which alleges the following violation:

| | |
|---|---|
| **Violation Number 1** | **Violation of Mandatory Condition**, by failing to satisfy the court ordered restitution. On January 25, 2013, restitution in the amount of $1,090,438.56 was ordered by the Court to be paid at a rate of 10% of gross monthly income. The defendant has failed to make restitution payments since June 8, 2016, and has a total restitution balance of $1,076,731.25. |

2. After consultation with his attorney, the Defendant announced to this Court that he wished to admit Violation Number 1 as set forth in the Petition [D.E. 141]. This Court questioned the Defendant on the record and made certain that he understood his

rights in regards to an evidentiary hearing in respect to the alleged violation. Further, the Defendant acknowledged that he understood his rights in that regard and further understands that all that will remain will be for the District Court to conduct a sentencing hearing for final disposition in this matter.

3. Counsel for the parties agreed that the Court could take judicial notice of the facts set forth in the Petition Alleging Violation of Supervised Release [D.E. 141] and the Memorandum from USPO Beau McGee to Judge Martinez dated January 13, 2017, which sets forth the essential elements of the violations to which the Defendant is admitting. The Defendant admits that he has not paid restitution as previously ordered by the Court. He does except from the January 13, 2017 Memorandum any statements attributable to him concerning his willingness to pay restitution. With that caveat noted on the record and confirmed by the Defendant, this Court will take judicial notice of the facts set forth in the Memorandum and finds that it sets forth a sufficient factual basis to support the Defendant's admission to Violation Number 1 as set forth in the Petition.

4. The possible maximum penalties which the Defendant was facing were read into the record by the government and the Defendant stated that he understood those penalties.

**ACCORDINGLY**, based upon the Defendant's admission to Violation Number 1 of the Petition [D.E. 141] under oath, this Court recommends to the District Court that the Defendant be found to have violated his supervised release in respect to Violation Number 1 as set forth in the Petition and that a sentencing hearing be set at the earliest convenience of the District Court for final disposition of this matter.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Jose E. Martinez, the United States District Judge assigned to this case. Pursuant to Federal Rules of Criminal Procedure, Rule 59(b)(2), failure to file objections timely waives a party's right to review and bars the parties from attacking on appeal any legal rulings and factual findings contained herein.

**DONE AND SUBMITTED** this _____ day of February, 2017, at Fort Pierce, Northern Division of the Southern District of Florida.

FRANK J. LYNCH, JR.
CHIEF UNITED STATES MAGISTRATE JUDGE

Copies furnished:
Hon. Jose E. Martinez
AUSA Theodore M. Cooperstein
Michael Cohen, Esq.
U. S. Probation (USPO Beau McGee)